IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.M. | : | |
| | : | |
|     Plaintiff, | : | CIVIL ACTION. |
| | : | |
| v. | : | FILE NO.: |
| | : | |
| JOHN MICHAEL HAKEEM GIBSON a/k/a "CASH OUT" | : | |
| | : | |
|     Defendant. | : | |

## COMPLAINT

Matthew B. Stoddard
Belle-Anne B. Cooper
THE STODDARD FIRM
1534 N Decatur Road
Atlanta, GA 30307
P: 470-467-2200
matt@legalhelpga.com
ba@legalhelpga.com

**Attorneys for Plaintiff**

1

## TABLE OF CONTENTS

Introduction..................................................................................................3

The Parties..................................................................................................3

Procedural Issues.........................................................................................4

J.M. Is Trafficked for Sex by Defendant ………......................................5

The Trafficker………..................................................................................7

COUNT 1:   TVPRA Civil Beneficiary Claims..........................................7

Proximate Cause and Damages...................................................................9

Prayer for Relief........................................................................................11

## INTRODUCTION

1. This lawsuit is brought by a sex trafficking victim against her trafficker, and it seeks damages under the Trafficking Victims Protection Reauthorization Act (TVPRA). *See* 18 U.S.C. § 1595(a).

2. John Michael Hakeem Gibson a/k/a "Cash Out" (hereafter "Cash Out") is an American rapper from Columbus Georgia with hits such as "Cashin' Out," "She Twerkin," "Big Booty," "Sexually," and "She Wanna Ride."

3. Beginning in 2013 and ending in 2015, Plaintiff J.M. (along with multiple other human beings) was trafficked for sex by Cash Out at various locations.

4. This lawsuit is brought by Plaintiff JM against Defendant Cash Out for his role in trafficking J.M. for sex.

## THE PARTIES

5. Plaintiff J.M. is a resident and citizen of Lafeyette, Indiana.

6. Plaintiff J.M. consents to the jurisdiction of this Court.

7. Defendant is a resident and citizen of Georgia and subject the jurisdiction of this Court.

## PROCEDURAL ISSUES

8. Given the nature of the case, J.M. is identified in this Complaint by her initials to prevent public disclosure of her name. Plaintiff's counsel has either previously disclosed J.M.'s full name to defense counsel or will immediately upon identification of defense counsel. When filing this Complaint, Plaintiff's counsel also filed a Motion for Protective Order seeking Court permission for J.M. to proceed anonymously. Upon information and belief, Defendant will consent to J.M. proceeding without publicly disclosing her names.

9. Defendant Cash Out is currently incarcerated and can be served at the Fulton County Jail located at 901 Rice Street, NW, Atlanta, Georgia 30318.

10. Defendant was properly served with process in this matter.

11. Defendant is subject to the jurisdiction and venue of this Court.

12. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 (federal question jurisdiction) because this matter concerns the Trafficking Victims Protection Reauthorization Act which is a law of the United States.

13. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in Fulton County, Georgia which is within the Northern District of Georgia's Atlanta Division. *See* 28 U.S.C. § 1391.

## J.M. IS TRAFFICKED FOR SEX BY DEFENDANT

14. In 2013, J.M. was a twenty-four-year-old woman living in the Atlanta area.

15. J.M. was approached by Cash Out at a store located off I-285 in metro Atlanta and Cash Out told J.M. that he would "help her."

16. Cash Out took J.M. to a house located at 3407 Old Jonesboro Road, Hapeville, Ga, where there was another female staying and provided J.M. with food and shelter.

17. After a short period, Cash Out told J.M. that she owed him money for the food and shelter and that she would have to work as a prostitute to pay him back.

18. Cash Out was physically and verbally abusive towards J.M., striking her in the face on more than one occasion.

19. Beginning in 2013 and through 2015, Cash out took J.M. to multiple location in the metro-Atlanta area to work as a prostitute.

20. J.M. was sexually assaulted hundreds of times while trafficked by Cash Out.

21. Cash Out took the commercial sex act proceeds.

22. Cash Out withheld food unless J.M. completed the commercial sex acts.

23. Cash Out threatened violence unless J.M. completed the commercial sex acts.

24. Cash Out coerced J.M. into commercial sex acts by explaining that he "would find her people" if J.M. misbehaved.

25. Cash Out physically beat J.M. when she refused to perform commercial sex acts and to get her to comply with performing commercial sex acts.

26. Cash Out similarly exerted force, fraud, and coercion on other human beings – also forcing them to perform commercial sex acts.

27. To control J.M., Defendant carried handguns, threatened J.M. with bodily harm, and forced J.M. to take drugs.

28. During the period J.M. was trafficked by Defendant, J.M. was regularly drugged, beaten, starved and raped, leaving J.M. visibly bruised, emaciated and disoriented.

29. J.M. eventually escaped from Cash Out in 2015.

## THE TRAFFICKER

30. Cash Out is under indictment for violation of the Georgia RICO Act, three counts of Trafficking a Person for Sexual Servitude, Rape, Aggravated Sodomy, Aggravated Assault, Pimping, Pandering, Keeping a Place of Prostitution, Willful Obstruction of Law Enforcement Officer, and Simply Battery, in Fulton

County Georgia, Indictment No. 22-SC-181761, a copy of which is attached hereto as Exhibit A.

## COUNT 1
## TVPRA CIVIL BENEFICIARY CLAIM

31. The Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a) ("TVPRA") provides a civil cause of action to victims like K.M. a perpetrator that violated the TVPRA.

32. The criminal portion of the TVPRA states, in relevant part, that "whoever knowingly . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . knowing . . . that means of force, threats of force, fraud, or coercion . . . will be used to cause the person to engage in a commercial sex act, shall be punished . . ." under the TVPRA. 18 U.S.C. §1591(a).

33. Cash Out violated 18 U.S.C. § 1591(a)(1) by knowingly recruiting, enticing, harboring, providing, advertising, and soliciting Plaintiff J.M. knowing that means of force, threats of force, and/or coercion would be used to cause J.M. to engage in commercial sex acts.

34. Cash Out violated the TVPRA with respect to Plaintiff because:

   a. Cash Out recruited J.M. and the other women to participate in commercial sex acts by, among other reasons, stating that he

7

would take care of them and then later claiming they must work as prostitutes;

b. Cash Out harbored J.M. at various locations for the purpose of J.M. participating in commercial sex acts at said locations;

c. Cash Out transported J.M. and other women to various locations for the purpose of J.M. and those other women participating in commercial sex acts at said locations;

d. Cash Out maintained J.M. and other women at various locations for the purpose of J.M. and those other women participating in commercial sex acts at said locations;

e. Cash Out used force, threats of force, fraud, and coercion to cause J.M. to participate in commercial sex acts;

f. Cash Out withheld food, threatened J.M. with violence, struck J.M. multiple times, and used these tactics to cause J.M. to engage in commercial sex acts;

g. Cash Out de-frauded J.M. by falsely telling her that he would take care of her, and then after doing so for a short time, told her she owed him money and must work as a prostitute;

h. Cash Out coerced J.M. to participate in commercial sex acts by threatening J.M. with physical harm if she did not continue to engage in commercial sex acts;

i. Cash Out knowingly, recruited, enticed, harbored, transported, advertised, maintained, and solicited J.M. to engage in commercial sex acts;

j. Buyers came to various locations, purchased the "right" to have sex with J.M. from Cash Out, and then the buyers raped J.M. at said locations; and

k. Other actions to be proven at trial.

35. Defendant's violation of the TVPRA affected interstate commerce for numerous reasons including the sale and use of condoms, the use of credit cards to post online advertisements through websites for selling J.M. in commercial sex acts, Defendant's use of interstate highways to transport J.M. to various locations for purposes of engaging in commercial sex acts, and other reasons to be proven at trial.

## PROXIMATE CAUSE AND DAMAGES

36. As a direct and proximate result of Defendant's actions, J.M. suffered substantial physical, emotional, and psychological harm and other damages.

37. Defendant is liable for J.M.'s damages in an amount to be proven at trial, including reasonable attorneys' fees and punitive damages under 18 U.S.C. § 1595(a).

38. Plaintiff J.M. brings each and every claim for damages permissible under the law against Defendant for injuries suffered in the incidents at issue, and to recover for all special damages, economic losses, medical expenses, necessary expenses, and all compensatory, special, actual, general, and punitive damages permissible under the law, including, but not limited to:

    a. Personal injuries;

    b. Past, present and future pain and suffering;

    c. Disability;

    d.    Disfigurement;

    e.    Mental anguish;

    f.    Loss of the capacity for the enjoyment of life;

    g.    Loss of earning capacity;

    h.    Lost wages;

    i.    Diminished capacity to labor;

    j.    Incidental expenses;

    k.    Past, present and future medical expenses;

    l.    Permanent injuries;

    m.    Attorney's fees;

    n.    Punitive damages; and

    o.    Consequential damages to be proven at trial.

39. Punitive damages should be imposed upon Defendant without limitation or cap for its actions which are explained more fully above.

40. Defendant is also liable for paying Plaintiff's attorneys' fees and litigation expenses pursuant to the TVPRA.

41. Each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendant, and one or more or all of the above stated acts were the proximate cause of the injuries and damages sustained by the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against the Defendant and for the following:

1) That process and summons issue requiring Defendant to appear as provided by law to answer the allegations of the Complaint;

2) Plaintiff be awarded actual damages in amounts to be shown at trial;

3) Plaintiff be awarded all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendant;

4) Plaintiff be awarded her attorneys' fees and case expenses as allowed by law;

6) Punitive damages be imposed upon the Defendant;

7) Plaintiff be awarded a trial by jury; and

8) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

This 31st day of October, 2022.

                                                 */s/ Matthew B. Stoddard*
                                                 Matthew B. Stoddard
                                                 Ga. Bar No.: 558215
                                                 Belle-Anne Cooper
                                                 Ga. Bar No.: 561983
                                                 THE STODDARD FIRM
                                                 1534 N Decatur Road
                                                 Atlanta, GA 30307
                                                 P: 470-467-2200
                                                 matt@legalhelpga.com
                                                 ba@legalhelpga.com